# BELKNAP,

## JULY TERM, A. D. 1844.

---

### STATE v. EMERSON.

A license to sell spirituous liquors for medicinal purposes and no other, is not void under Revised Statutes, chap. 117, sec. 5.

INDICTMENT, alleging that the defendant, at Alton in said county, on the 29th day of July, A. D. 1843, without a license therefor from the selectmen of said Alton, did sell to one Thomas J. Craft six gallons of rum, *contra formam statuti*, &c. The evidence tended to prove the allegations in the indictment, and the defendant produced the following license to justify the act:

" We, the subscribers, selectmen of the town of Alton, hereby license and authorize Walter G. C. Emerson of said Alton, to sell wine and spirituous liquors in the store now occupied by him, in any quantity not less than one pint, to be sold, delivered, and carried away therefrom, for the term of one year from this date. To be sold for a medicinal purpose and for no other whatever.

Given under our hands this 24th day of June, 1843.

> J. P. HILL,      }   *Selectmen*
> MOSES GILMAN,    }     *of*
> ELEAZER DAVIS, JR. }   *Alton.*"

And on the back of said license was the following:

"Alton, June 24, 1843.

Received this day, and recorded in the records of said town, by me,

SMITH EMERSON, *Town Clerk.*"

---

State *v.* Emerson.

---

It was admitted that the sale was made in the store referred to in the license. And the quantity sold was carried away therefrom.

The court instructed the jury, that the paper offered by the defendant was void, and no license under which he could justify the sale.

A verdict was returned finding the defendant guilty, and he moved to set the same aside, and for a new trial. It, was thereupon ordered, that the question as to the correctness of the instruction be reserved for the consideration of this court.

*Walker*, Attorney General for the State.

*I. A. Eastman,* for the defendant.

WOODS, J. By sec. 5, of chap. 117, of the Rev. Stat., power is given to the selectmen to "license any retailer to sell wine and spirituous liquors in any quantities not less than one pint, to be sold, delivered, and carried away. Such license shall designate the place of sale, and shall be recorded and in force in the same manner and for the same time as a taverner's license."

The license exhibited in evidence by the defendant in this case, was made in conformity with the authority conferred by that section, except that it purports to authorize sales for medicinal purposes and no other. And the question that is presented by the case, is, whether the selectmen, in exercising in any particular case the power of granting a license which the statute gives them, are obliged to exercise it to the utmost limit; or whether they may do so to such extent only as to them shall seem reasonable, and to be demanded by a sense of the public good.

In *Wason* v. *Severance*, 2 N. H. 501, it was held, that the selectmen, under a general power to license one as a taverner for a year, might license him for a single day. And

State *v.* Emerson.

in *Townsend* v. *The State*, 2 Blackford 151 (Indiana), it was held, that a license for three months was good under the same power.

These decisions proceed upon the obvious principle, that the authority to grant a license for a longer time involves that of granting it for a shorter time, the question of granting it at all resting wholly in the discretion of the particular officers charged with the power.

It seems to us to be a fair inference, if the selectmen may so qualify the license in the matter of time, they may do so in other particulars. Upon the application of this party for a license for a year to sell for all the purposes for which the selectmen could have authorized him to sell, they had a power and discretion to grant a license for as much of the time and under such restrictions tending to limit the sales, as in their discretion seemed proper, and their license would be good to the extent that they should give it.

The question does not arise here, what would be the consequences of exceeding the terms of a license so limited and qualified. There might be practical difficulties attending attempts so to restrict its operation, but they need not embrace a case in which those restrictions do not appear to be infringed. The instructions were that the license is void; and in that we think they were erroneous. The verdict must therefore be set aside and a

*New trial granted.*